|/WALTZER, Judge.
Shawn Sherman was charged by bill of information with two counts of forgery, violations of La. R.S. 14:72. After waiving his right to a jury, the defendant was found to be not guilty as to count one and guilty of attempted forgery as to count two after a bench trial. He was sentenced to serve forty months at hard labor as a third felony offender under La. R.S. 15:529.1. In June of 1999, the defendant filed a motion for correction of his sentence that the trial court denied. This appeal followed.
Ms. Deborah Larkins, an assistant manager at the Hibernia National Bank, testified that on 12 April 1997, a teller showed her a suspicious check. It was made out to the defendant and drawn on the account of Mark French. Ms. Larkins called Mr. French and found that he had not written the check and that his checks had been stolen. Ms. Larkins then called the police. However, by the time the police arrived, the defendant had left the bank. Ms. Larkins had his driver’s license number on the check. Sometime later when she was shown a photographic lineup, she selected the defendant’s picture. On cross-examination, Ms. Larkins 12stated that the check was never processed, and no money was given to the defendant.
Officer Clint Lowman responded to the call from the Hibernia National Bank on 12 April 1997. He took the driver’s license number from the check and was able to locate a picture of the defendant. He then compiled a photographic line-up that he showed to Ms. Larkins, and she selected the defendant’s pictures and named him as the man who presented the check.
The parties stipulated a handwriting expert had examined the check and found that the signatures of the maker and the endorsed signature on the back of the check were written by the same person and matched the handwriting sample that Shawn Sherman had given the district attorney’s office.
Mark Andrew French was shown the check at trial. He testified that he did not sign the check, and he did not know Shawn Sherman.
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record.
| aCounsel reviewed available transcripts and now suggests that the trial court erred in failing to inform the defendant of the prescriptive period for post-conviction relief as required by La.C.Cr.P. art. 930.8 C.
However, the failure to inform a defendant of this time limitation does not bestow an enforceable right. State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d *662 517, 526, writ denied, 96-0388 (La.9/13/96), 679 So.2d 102. There is no merit in this argument.
A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with violations of La. R.S. 14:72, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, trial, and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. The sentence is legal in all respects. Our independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal. Defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

AFFIRMED.